**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GEORGE RODRIGUEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MENARD, INC., a foreign corporation, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No: 23 CV 4235 <br><br> (Removed from the Illinois Twelfth Judicial Circuit, Will County, Illinois Case No. 2023LA000412) <br><br> **JURY DEMAND** |

**DEFENDANT MENARD, INC'S ANSWERS TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES the Defendant, MENARD, INC., by and through its attorney, THEODORE C. HADLEY of OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD., and in response to Plaintiff's Complaint at Law, states as follows:

**COUNT 1- PREMISES LIABILITY**

1. On or about July 18, 2021, and for a long time prior thereto, Defendant MENARD, INC., a Corporation, owned, possessed, operated, managed, and /or controlled or had a duty to possess, operate, manage, maintain, and/or control, both directly and indirectly, individually and/or through its agents, servants and/or employees, a certain store located at or near 2524 W. Jefferson Street, in the City of Joliet, County of Will and State of Illinois.

> **ANSWER:** Defendant, Menard, Inc., admits that on the date alleged it owned, operated, managed, and maintained the building located at 2524 West Jefferson Street, Joliet, Illinois (the "Premises"). Further, Defendant, Menard, Inc., admits all duties imposed by law, but denies Plaintiff has accurately pled the same in paragraph 1 of Count I of his Complaint. Additionally, Defendant, Menard, Inc., denies those allegations in

paragraph 1 of Count I of Plaintiff's Complaint not specifically admitted herein.

2. At all relevant times, Defendant MENARD, INC., a Corporation, had a duty to exercise ordinary care to see that said store was in a reasonably safe condition for the by persons, including Plaintiff GEORGE RODRIGUEZ, lawfully on said premises.

    **ANSWER:** Defendant, Menard, Inc., admits all duties imposed by law, but denies Plaintiff has accurately pled the same in paragraph 2 of Count I of his Complaint.

3. At said time and place and prior thereto, Defendant MENARD, INC., a corporation, well knowing its duty in this regard, carelessly and negligently caused and /or permitted said store to become and remain in a dangerous condition for persons using premises, though Defendant knew, or in the exercise of ordinary care should have known, of said dangerous condition.

    **ANSWER:** Defendant, Menard, Inc., denies the allegations set forth in paragraph 3 of Count I of Plaintiff's Complaint.

4. At said time and place, Plaintiff GEORGE RODRIGUEZ was lawfully walking through the store.

    **ANSWER:** Defendant, Menard, Inc., admits the allegations set forth in paragraph 4 of Count I of Plaintiff's Complaint.

5. Defendant MENARD, INC., a Corporation, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a. Improperly operated, managed, maintained, and/or controlled

   said premises, so that as a direct and proximate result, thereof, Plaintiff was injured;

  b. Allowed and permitted a liquid substance to remain on the floor of said store;

  c. Failed to properly and adequately remove said liquid substance from the floor of said store;

  d. Failed to make a reasonable inspection of said premises and floor, when Defendant knew or should have known that such inspection was necessary to prevent injury to persons on the premises, including Plaintiff;

  e. Allowed and permitted Plaintiff onto the premises when the dangerous condition of the premises presented an unreasonable risk of harm to Plaintiff; and/or

  f. Failed to warn Plaintiff of the dangerous condition of said floor when Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to persons on the premises, including Plaintiff.

 **ANSWER:** Defendant, Menard, Inc., denies the allegations set forth in paragraph 5, including all subparts (a-f), of Count I of Plaintiff's Complaint.

 6. At said time and place, and as a result of one or more of the aforementioned acts/and or omissions of Defendant MENARD, INC., a Corporation, Plaintiff GEORGE RODRIGUEZ was caused to slip and fall on a liquid substance on the floor.

 **ANSWER:** Defendant, Menard, Inc., denies the allegations set forth in paragraph 6 of Count II of Plaintiff's Complaint.

 7. As a direct and proximate result of one or more aforesaid acts and/or omissions of Defendant MENARD, INC., a Corporation, Plaintiff

GEORGE RODRIGUEZ sustained severe and/or permanent injuries, both externally and internally, and was and will likely be hindered and prevented from attending to his usual duties and affairs. Plaintiff GEORGE RODRIGUEZ also suffered great pain and suffering, both in mind and body and will likely in the future continue to suffer. Plaintiff GEORGE RODRIGUEZ further expended and became liable for and will likely expend and become liable for large sums of money for medical care and services relating to said injuries.

**ANSWER:** Defendant, Menard, Inc., denies the allegations set forth in paragraph 7 of Count I of Plaintiff's Complaint.

WHEREFORE, the Defendant, MENARD, INC., denies that Plaintiff, GEORGE RODRIGUEZ, is entitled to judgment in any amount whatsoever, and prays this Court enter judgment against Plaintiff and in favor of Defendant, and any other relief that this Court deem just and necessary.

## COUNT II- NEGLIGENCE

1. On or about July 18, 2021, and for a long time prior thereto, Defendant MENARD, INC., a Corporation, operated, managed, maintained, and/or controlled or had a duty to operate, manage, maintain, and/or control, both directly and indirectly, individually and/or through its agents, servants and/or employees, a certain store located at or near 2524: West Jefferson St., in the City of Joliet, County of Will and State of Illinois.

**ANSWER:** Defendant, Menard, Inc., admits that on the date alleged it owned, operated, managed, and maintained the Premises. Further, Defendant, Menard, Inc., admits all duties imposed by law, but denies

Plaintiff has accurately pled the same in paragraph 1 of Count II of his Complaint. Additionally, Defendant, Menard, Inc., denies those allegations in paragraph 1 of Count II of Plaintiff's Complaint not specifically admitted herein.

2. At all relevant times, Defendant MENARD, INC., a Corporation, had a duty to exercise ordinary care for the safety of those lawfully on its property.

**ANSWER:** Defendant, Menard, Inc., admits all duties imposed by law, but denies Plaintiff has accurately pled the same in paragraph 2 of Count II of his Complaint.

3. At said time and place, Plaintiff GEORGE RODRIGUEZ was lawfully walking through said store.

**ANSWER:** Defendant, Menard, Inc., admits the allegations set forth in paragraph 3 of Count II of Plaintiff's Complaint.

4. Defendant MENARD, INC., a Corporation, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a) Negligently inspected said premises and floor to identify slip hazards;

(b) Improperly delayed cleaning the liquid substance and allowed it to remain on its floor;

(c) Failed to place any wet floor signs or otherwise barricade or warn store customers, including Plaintiff, of a slippery condition and slip hazard on its floor;

(c) Failed to properly train its employees on how to inspect for, clean, and/or warn of slip hazards on its floor; and/or

(d) Failed to follow store policies and procedures regarding

inspecting, cleaning, and/or warning of slip hazards on its floor.

**ANSWER:** Defendant, Menard, Inc., denies the allegations set forth in paragraph 4, including all subparts (a-d, including two "c"s), of Count II of Plaintiff's Complaint.

5. At said time and place, and as a result of one or more of the aforementioned acts/and or omissions of defendant MENARD, INC., a Corporation, Plaintiff GEORGE RODRIGUEZ was caused to slip and fall on a liquid substance on the floor.

**ANSWER:** Defendant, Menard, Inc., denies the allegations set forth in paragraph 5 of Count II of Plaintiff's Complaint.

6. . As a direct and proximate result of one or more aforesaid acts and/or omissions of Defendant MENARD, INC., a Corporation, Plaintiff GEORGE RODRIGUEZ sustained severe and/or permanent injuries, both externally and internally, and was and will likely be hindered and prevented from attending to his usual duties and affairs. Plaintiff GEORGE RODRIGUEZ also suffered great pain and suffering, both in mind and body and will likely in the future continue to suffer. Plaintiff GEORGE RODRIGUEZ further expended and became liable for and will likely expend and become liable for large sums of money for medical care and services relating to said injuries.

**ANSWER:** Defendant, Menard, Inc., denies the allegations set forth in paragraph 6 of Count II of Plaintiff's Complaint.

WHEREFORE, the Defendant, MENARD, INC., denies that Plaintiff, GEORGE RODRIGUEZ, is entitled to judgment in any amount whatsoever, and prays this Court enter judgment against Plaintiff and in favor of Defendant, and any other relief that this Court deem just and necessary.

**Affirmative Defense**
(Contributory Negligence / Comparative Fault)

1. At all times set forth in the Complaint, Plaintiff, GEORGE RODRIGUEZ, was not in exercise of due care and caution and was guilty of contributory negligence in the following respects:

   (a) Failed to keep a proper lookout;

   (b) Failed to use reasonable care in navigating the premises of Defendant, Menard, Inc.;

   (c) Failed to appreciate an open and obvious condition;

   (d) Failed to heed the warning of Menard, Inc. personnel; and

   (e) Was otherwise careless and negligent.

WHEREFORE, Defendant prays that this Honorable Court dismiss the Complaint of Plaintiff, GEORGE RODRIGUEZ, with prejudice for the reason that the Plaintiff's own negligence was the sole proximate cause of the Plaintiff's alleged damages.

In the alternative, Defendant prays that this Honorable Court dismiss the Complaint of Plaintiff, GEORGE RODRIGUEZ, with prejudice for the reason that the Plaintiff's own negligence was more than fifty percent (50%) of the total cause of the Plaintiff's alleged damages.

In the alternative, Defendant prays that this Honorable Court reduce any judgment award on behalf of the Plaintiff, GEORGE RODRIGUEZ, by the proportion or amount by which Plaintiff's own negligence caused and contributed to his damages.

**Defendant demands trial by jury.**

                                          By: */s/Theodore C. Hadley*
                                              One of Defendants' attorneys

W. Anthony Andrews (ARDC # 6217267)
Theodore C. Hadley (ARDC # 6188423)
OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD.
1804 N. Naper Blvd.; Suite 350
Naperville, IL. 60563
630-682-0085